1

2

3

4

5       UNITED STATES DISTRICT COURT

6       EASTERN DISTRICT OF WASHINGTON

7  MANUEL SANCHEZ,

8                              NO:  2:14-CV-236-RMP

9                   Plaintiff,

                            ORDER GRANTING IN PART AND
10       v.                  DENYING IN PART DEFENDANTS'
                            MOTION TO DISMISS
11  DRUG ENFORCEMENT
    ADMINISTRATION and WAYNE
12  ASHTON,

13                 Defendants.

14       BEFORE THE COURT is Defendants' Motion to Dismiss, **ECF No. 10**.

15  The Court heard the motion without oral argument on May 8, 2015.  The Court has

16  reviewed the motion and all relevant filings and is fully informed.

17                        **BACKGROUND**

18       Drug Enforcement Administration ("DEA") agents conducted a controlled

19  buy on July 26, 2012, in the Home Depot parking lot located in Union Gap,

20  Washington.  ECF No. 1.  The target, Plaintiff Manuel Sanchez, alleges that after

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
MOTION TO DISMISS ~ 1

1   he completed the transaction with a confidential informant, local law enforcement

2   and DEA officers arrived on the scene in two vehicles and attempted to block his

3   van.  ECF No. 1.  However, Mr. Sanchez contends that he was unaware that the

4   officers were law enforcement, believing instead that they were criminals

5   attempting to rob him.  ECF No. 1 at 8.  DEA Agent Wayne Ashton exited from

6   one of these vehicles, and Mr. Sanchez attempted to drive through the cars

7   blocking his van.  ECF No. 1 at 2.  Agent Ashton fired at Mr. Sanchez through the

8   windshield and struck him.  ECF No. 1 at 3.  Mr. Sanchez sustained injuries from a

9   gunshot to the head.  ECF No. 1 at 3, ECF No. 1-5.

10        Mr. Sanchez entered a guilty plea on December 18, 2012, to one count of a

11   violation of 21 U.S.C. §§ 841(a)(1) and (b)(1).  ECF No. 10-3.  The plea agreement

12   specifically stated on page 5:

13        Defendant drove toward DEA Agent Wayne Ashton, who was on
          foot, positioned in between the Defendant's car and an exit.  The
14        agent exercised deadly force by shooting the Defendant.  Defendant
          admits that his conduct recklessly created a substantial risk of death or
15        serious bodily harm to DEA Agent Ashton, the other agents and
          officers present, the CS, as well as the public.
16
17   ECF No. 10-2.  The plea agreement stated that the government would move for a

18   downward adjustment in Mr. Sanchez's offense level if he accepted timely

19   responsibility.  ECF No. 10-2 at 7.

20        At the change of plea hearing, the Honorable Judge Edward F. Shea

     accepted Mr. Sanchez's plea as "knowing, intelligent and voluntary."  ECF No. 10-

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
MOTION TO DISMISS ~ 2

3 at 22.  Based on this plea agreement, the United Stated recommended, and Mr.

Sanchez received, a sentence of 84 months.  ECF No. 1-3.  At the sentencing

hearing, Mr. Sanchez made a statement to the sentencing judge:

> However, I would like to reiterate as mentioned during the hearing on my plea of guilt that I do not agree to some particular language in the written plea agreement created by the government where it is indicated that I drove towards agents or a specific agent creating a risk of serious bodily injury or death.  I do not agree to the wording.

ECF No. 1-3 at 17.

Mr. Sanchez filed this complaint on July 18, 2014, naming the DEA and

Agent Ashton as Defendants.  ECF No. 1.  In the complaint, Mr. Sanchez asserts

two claims:  (1) Agent Ashton used excessive force while arresting him, in

violation of his Fourth Amendment rights; and (2) Mr. Sanchez disagreed with the

wording entered in his guilty plea, and therefore the federal government denied

him Due Process by entering this plea agreement.  ECF No. 1.

Mr. Sanchez filed the complaint pursuant to 42 U.S.C. § 1983.  ECF No. 1.

Section 1983 generally does not apply to suits against the United States federal

government or its agents.  *See United States v. Price*, 383 U.S. 787, 794 n.7 (1966).

*But see Tongol v. Usery*, 601 F.2d 1091, 1097 (9th Cir. 1979).  However, because a

court must construe pro se complaints "liberally," *Silva v. Di Vittorio*, 658 F.3d

1090, 1101 (9th Cir. 2011), the Court construes Mr. Sanchez's complaint as an

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
MOTION TO DISMISS ~ 3

action brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

Defendants move to dismiss the complaint on several grounds: (1) insufficient service of process; (2) lack of subject matter jurisdiction over the DEA; (3) failure to state a valid claim upon which relief may be granted; (4) judicial estoppel; (5) collateral estoppel; and (6) United States Supreme Court precedent under the case *Heck v. Humphrey*.

## DISCUSSION

### A.    Standard of Review

When considering a motion to dismiss, a court "must accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1032 (9th Cir. 2008). At the same time, a court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Manzarek*, 519 F.3d at 1032. A court will construe pro se complaints "liberally" and may only dismiss a complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011). "Once challenged, the party asserting subject matter jurisdiction has the burden of proving

its existence." *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009) (internal citations omitted).

**B.    Insufficient Service of Process**

Defendants argue that the DEA has not been served properly with the summons and complaint.  ECF No. 10 at 6.  Defendants acknowledge that Agent Ashton has been served.  ECF No. 10 at 6.

Pursuant to Federal Rule of Civil Procedure 4(i), in order to sue the DEA, Mr. Sanchez must serve a copy of the summons and complaint to the U.S. Attorney's Office in the district where the action is brought, the Attorney General of the United States in Washington, D.C., and the agency itself.  Fed. R. Civ. P. 4(i).  Failure to effect proper service may result in dismissal of the complaint. Federal Rule of Civil Procedure 12(b)(5) allows a party to assert a defense of insufficient service of process by filing a motion.  Fed. R. Civ. P. 12(b)(5). Additionally, Federal Rule of Civil Procedure 4(m) states:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff— must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Mr. Sanchez filed the complaint on July 18, 2014.  The 120 day period ended in January 2015.  Defendants' motion to dismiss was heard without oral

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS ~ 5

1    argument on May 8, 2015.  Therefore, pursuant to Rule 4(m), the Court must

2    dismiss the action against the DEA without prejudice, or order that service be

3    made within a specified time.

4        Mr. Sanchez has been on notice that the DEA had not been served properly

5    since November 18, 2015, when Defendants filed their motion to dismiss and cited

6    insufficient service as a basis for dismissal.  ECF No. 10.  It is evident from the

7    record that Mr. Sanchez was aware of the defect in service.  In his first motion for

8    a continuance of the hearing date on the motion to dismiss, Mr. Sanchez stated that

9    all parties were served properly, and that records exist which demonstrate service.

10   ECF No. 15 at 1.  But Mr. Sanchez did not provide those records to the Court.  *See*

11   ECF No. 15.  Mr. Sanchez later requested a second continuance of the hearing

12   date, stating that he needed additional time to contact his family in order to obtain

13   "the receipts and proof" that he served Defendants properly.  ECF No. 18 at 1.  The

14   Court granted that request for a continuance, ECF No. 20.

15       Mr. Sanchez has been aware of the defect in service for nearly six months,

16   but Mr. Sanchez has failed provide proof of sufficient service to the Court.

17   Therefore, the Court finds that it would be appropriate to grant Defendants' motion

18   in part, and dismiss the case against the Drug Enforcement Administration without

19   prejudice on procedural grounds.  However, due to other deficiencies in the

20

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
MOTION TO DISMISS ~ 6

complaint which are detailed below, the Court dismisses the claims against the

DEA with prejudice.

**C.    Lack of Subject Matter Jurisdiction and Failure to State a Claim**

Defendants argue that the Court lacks jurisdiction over the DEA and that Mr.

Sanchez has failed to state a claim upon which relief may be granted because the

federal government has not waived sovereign immunity.  ECF No. 10 at 7.  A party

may move for dismissal based on a lack of subject matter jurisdiction or failure to

state a claim.  Fed. R. Civ. P. 12(b)(1) and (6).

"Absent a waiver, sovereign immunity shields the Federal Government and

its agencies from suit."  *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).  In order to

be considered effective, a waiver of the government's sovereign immunity must be

"unequivocally expressed."  *United States v. Nordic Village Inc.*, 503 U.S. 30, 33

(1992) (quoting *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89 (1990)) (internal

quotation marks omitted).  The Government's consent to be sued must be

"construed strictly in favor of the sovereign."  *Id.* at 34 (quoting *McMahon v.

United States*, 342 U.S. 25, 27 (1951)) (internal quotation marks omitted).

In *Bivens*, the Supreme Court created a private right of action for damages

against federal officers alleged to have violated an individual's constitutional

rights.  *Bivens*, 403 U.S. at 388.  Sovereign immunity does not bar *Bivens* actions.

*Gilbert v. DaGrossa*, 756 F.2d 1455, 1459 (9th Cir. 1985).  Such actions are

1    identical to actions under 42 U.S.C. § 1983, except for the replacement with a

2    federal actor under *Bivens* for a state actor under § 1983.  *Van Strum v. Lawn,* 940

3    F.2d 406, 409 (9th Cir.1991).  A plaintiff must show that the federal officer was

4    "directly responsible" for the alleged deprivation of constitutional rights.  *Corr.*

5    *Servs. Corp. v. Malesko,* 534 U.S. 61, 70–71 (2001).  *Respondeat superior* is

6    inapplicable to *Bivens* actions.  *Terrell v. Brewer,* 935 F.2d 1015, 1018 (9th Cir.

7    1991).

8          In the present case, neither the United States nor the DEA has expressly

9    waived sovereign immunity.  Absent a waiver of sovereign immunity, Mr. Sanchez

10   may not sue the United States or the DEA.  Additionally, Mr. Sanchez does not

11   plead in the complaint any wrongdoing by the DEA other than his allegation that

12   Agent Ashton used excessive force against him during the controlled buy.  ECF

13   No. 7 at 10; ECF No. 1.  This is not a claim against the DEA upon which relief

14   may be granted because *respondeat superior* is inapplicable to *Bivens* actions.

15         There having been no express waiver of sovereign immunity for claims such

16   as alleged in this case, the Court lacks subject matter jurisdiction over the DEA.

17   Moreover, Mr. Sanchez has failed to state a claim against the DEA upon which

18   relief may be granted.  Therefore, the Court dismisses the claims against the DEA

19   with prejudice.

20

**D.    Judicial Estoppel**

Defendants argue that Mr. Sanchez is judicially estopped from bringing his complaint because of statements he previously made in court.  ECF No. 10 at 10. Mr. Sanchez alleges that Agent Ashton used excessive force when apprehending him, presumably in violation of his Fourth Amendment rights.  ECF No. 1 at 6. Defendants argue that in order to prevail in a *Bivens* action against Agent Ashton, Mr. Sanchez must prove that the agent shot him and was not justified in doing so. ECF No. 10 at 18.[1]  However, because Mr. Sanchez specifically admitted at the

---

[1] "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake."  *Graham v. Connor*, 490 U.S. 386, 396 (1989).  Courts consider three primary factors regarding the government interests at stake, including:  "(1) the severity of the crime at issue; (2) the extent to which the suspect poses an immediate threat to the safety of the officers or others; (3) and whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight."  *Davis v. City of Las Vegas*, 478 F.3d 1048, 1054 (9th Cir. 2007) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)) (internal quotation marks omitted).  "Courts may also consider 'the availability of alternative methods of capturing or subduing a suspect."  *Id.,* 478 F.3d at 1054 (*quoting Smith v. City of*

change of plea hearing that he posed a serious threat to Agent Ashton, Defendants contend that Mr. Sanchez is now estopped from denying that Agent Ashton was justified in using force.  ECF No. 10 at 18.

Similarly, Mr. Sanchez contests the language of the plea agreement which reads that he "admits to creating a substantial risk of serious bodily harm and injury or death by driving towards Agent Wayne Ashton."  ECF No. 1 at 11. Defendants argue that Mr. Sanchez is judicially estopped from denying the truth of this statement, and therefore may not claim a violation of his due process rights in having entered the plea agreement.  ECF No. 10 at 10.

Judicial estoppel is "an equitable doctrine invoked 'not only to prevent a party from gaining an advantage by taking inconsistent positions, but also because of general considerations of the orderly administration of justice and regard for the dignity of judicial proceedings, and to protect against a litigant playing fast and loose with the courts.' "  *Milton H. Greene Archives, Inc. v. Marilyn Monroe LLC*, 692 F.3d 983, 994 (9th Cir. 2012)) (quoting *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001)).  In determining whether the doctrine applies to a particular case, courts consider the following factors:

---

*Hemet*, 394 F.3d 689, 700 (9th Cir. 2005) (en banc)) (internal quotation marks omitted).

> First, a party's later position must be clearly inconsistent with its earlier position.  Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or second court was misled . . . .  A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

*New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001).

Under the first factor, the Court must consider whether Mr. Sanchez's current position is inconsistent with the position that he expressed at his change of plea hearing.  At the change of plea hearing, Mr. Sanchez expressly admitted that he posed a threat to the safety of the arresting officers when he drove his van through the parked cars and towards the agents.  ECF No. 10-3 at 20-21.  The Court stated:

> The United States and defendant agree and stipulate that the offense level should be increased by two points pursuant to United States Sentencing Guideline 3C1.2, "because the defendant created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer," end of quote. Is that what you agree was correct and accurate?

ECF No. 10-3 at 20-21.  Mr. Sanchez responded, "Yes, your honor."  ECF No. 10-3 at 20-21.  Mr. Sanchez's present claim that the wording in the plea agreement is "fictitious" is inconsistent with his prior position.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS ~ 11

1    Second, at the change of plea hearing, when Judge Shea specifically inquired

2  into the accuracy of the facts, Mr. Sanchez's attorney explained that the parties had

3  specifically negotiated the exact terms of the language in question.  ECF No. 10-3

4  at 21.  Judge Shea then accepted Mr. Sanchez's plea as "knowing, intelligent and

5  voluntary."  ECF No. 10-3 at 22.  Therefore, the court, in accepting Mr. Sanchez's

6  guilty plea, accepted his previous position that the language contained in the plea

7  agreement was true.

8    Regarding the third and final factor, by accepting responsibility in entering

9  his plea agreement, Mr. Sanchez received three points towards his adjusted offense

10  level.  ECF No. 1-3 at 7.  In addition, the Government recommended that Mr.

11  Sanchez receive a sentence of 84 months incarceration, which constitutes a two-

12  year downward departure from the sentencing guideline range of 108-135 months.

13  ECF No.1-3 at 8-9.  By later denying those statements in order to bring this action,

14  Mr. Sanchez would enjoy an unfair advantage.  He may not first derive the benefit

15  of a guilty plea by accepting responsibility for certain events, and then later recant

16  the accuracy of those events in order to sue the Government.

17    The Court finds that Mr. Sanchez is judicially estopped from denying that he

18  posed a serious risk of death or bodily injury to Agent Ashton.  Mr. Sanchez may

19  not claim now that his prior statement was false, or that entering the plea

20

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
MOTION TO DISMISS ~ 12

1    agreement violated his constitutional right to due process.  Therefore, Claim 2 is

2    dismissed in its entirety against Agent Ashton.[2]

3        However, the fact that Mr. Sanchez posed a serious risk to Agent Ashton is

4    only one of many factors that a court must consider when determining whether the

5    use of force was objectively reasonable under the circumstances.  *Smith v. City of*

6    *Hemet*, 394 F.3d 689, 700-01 (9th Cir. 2005).  The record is insufficient for the

7    Court to conclude that Mr. Sanchez could prove no set of facts in support of his

8    excessive use of force claim that would entitle him to relief.  *Silva*, 658 F.3d at

9    1101.  Therefore, the Court declines to dismiss Claim 1 against Agent Ashton on

10    the basis of judicial estoppel.

11    **E.    *Heck v. Humphrey***

12        Defendants also argue that Mr. Sanchez is barred from bringing Claim 1 of

13    his complaint in light of *Heck v. Humphrey,* 512 U.S. 477 (1994).  ECF No. 10 at

14    19.  In that case, the Supreme Court held:

15        [I]n order to recover damages for allegedly unconstitutional
        convictions or imprisonment, or for other harm caused by actions
16

17    [2] Defendants also argue that Mr. Sanchez is collaterally estopped from bringing

18    Claim 2.  ECF No. 10 at 13.  However, because the Court is dismissing Claim 2 on

19    the basis of judicial estoppel, the Court need not decide whether Claim 2 is barred

20    by collateral estoppel.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
MOTION TO DISMISS ~ 13

1

2

> whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

3

4

5

*Heck*, 512 U.S. at 486-87. The Government argues that Mr. Sanchez must

6

"demonstrate that the previous conviction or sentence has been reversed or

7

invalidated." ECF No. 10 at 20.

8

    In *Heck*, the Supreme Court effectively created a rule of abstention. The

9

Court stated that "when a state prisoner seeks damages in a § 1983 suit, the district

10

court must consider whether a judgment in favor of the plaintiff would necessarily

11

imply the invalidity of his conviction or sentence . . . ." *Heck*, 512 U.S. at 487. If

12

the court determines that "the plaintiff's action, even if successful, will *not*

13

demonstrate the invalidity of any outstanding criminal judgment against the

14

plaintiff, the action should be allowed to proceed, in the absence of some other bar

15

to the suit." *Id.* (emphasis in original). Thus, the Court must determine whether

16

judgment in favor of Mr. Sanchez would imply that his conviction or sentence is

17

invalid.

18

    There is no support for the argument that Mr. Sanchez's conviction or

19

sentence would be rendered invalid if he prevailed on his excessive use of force

20

claim against Agent Ashton. Mr. Sanchez pleaded guilty to one count of

Distribution of a Controlled Substance. Even if Mr. Sanchez were successful in

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
MOTION TO DISMISS ~ 14

proving that Agent Ashton used excessive force against him, the record does not support the conclusion that Mr. Sanchez's conviction would be invalidated by this determination.  The controlled buy already had been completed when Agent Ashton shot Mr. Sanchez and the DEA likely already had the evidence it needed to prosecute Mr. Sanchez.  There is no reason to believe that this evidence or the resulting prosecution would have been suppressed or prohibited if Agent Ashton was found to have used excessive force in the arrest, and thus there is no evidence that judgment in favor of Mr. Sanchez would render his underlying conviction or sentence invalid.  The precedent under *Heck v. Humphrey* is not controlling in this case, and the Court declines to dismiss Claim 1 on these grounds.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motion to Dismiss is **GRANTED in part and DENIED in part**.

2. Plaintiff's entire complaint against the **Drug Enforcement Administration only** is **DISMISSED with prejudice** and without costs to Plaintiff or the Drug Enforcement Administration.

3. Plaintiff's **Claim 2 of the complaint against Defendant Agent Wayne Ashton** is **DISMISSED with prejudice**.

4. **Claim 1** of the complaint **against Defendant Agent Wayne Ashton** shall **remain in effect** against Defendant Agent Wayne Ashton.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS ~ 15

1    The District Court Clerk is hereby directed to enter this Order, to **terminate**

2  **Defendant Drug Enforcement Administration**, and to provide copies to counsel

3  and pro se Plaintiff Mr. Sanchez.

4    **DATED** this 22nd day of May 2015.

5

6                         _s/ Rosanna Malouf Peterson_
                         ROSANNA MALOUF PETERSON
7                      Chief United States District Court Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
MOTION TO DISMISS ~ 16